**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, )<br>  Plaintiff, )<br> )<br>vs. )<br> )<br>David Emilio Cuevas-Sotelo, )<br> )<br>  Defendant. )<br>_____ ) | No.  CR 15-2148-TUC-CKJ<br><br>**ORDER** |

    Pending before the Court is the Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A) Compassionate Release and the First Step Act Pro Se Prisoner (Doc. 234) filed by David Emilio Cuevas-Sotelo ("Cuevas-Sotelo").  The Federal Public Defender has filed a Notice Regarding Defendant's Pro Se Motion for a Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Doc. 236).

*Background*

    On November 2, 2015, a sensor was activated near Douglas, Arizona.  A Border Patrol agent responded to the area where he observed a sedan parked which he believed to be a scout vehicle for a drug trafficking organization.  The agent also saw three vehicles driving in tandem on State Route 80.  Following a pursuit and a crash through a barbed wire fence, agents located two trucks abandoned with several bundles of marijuana inside.  The occupants fled into the mountains.

    Agents also engaged in a high speed chase of an SUV until they were directed to terminate pursuit; an Air and Marine Operations helicopter then followed the SUV. Subsequently, the SUV

rammed into a Border Patrol vehicle which disabled the SUV in a wash, as subjects exited and fled on foot. With the assistance of air support, agents apprehended four subjects later identified as Alonzo Barrera-Aguilar, Cesar Arvizu-Noriega, Mario Lopez-Castillo and Jose Lopez-Castillo (collectively, "co-defendants"). Agents recovered a total of 1,022 bundles of marijuana from the two trucks and the SUV with a total weight of 3,754.88 kilograms.

Several hours later, an agent encountered a male subject, who stated his name was Adrian Encinas-Gamez, about one mile from the seized marijuana-laden vehicles. This individual was taken into custody and reported he was a Mexican citizen who illegally entered the United States two days prior; he denied involvement in the earlier transportation of marijuana. A co-defendant, however, identified the individual as part of the crew traveling inside the SUV. On November 3, Adrian Encinas-Gamez told agents his true name is David Emilio Cuevas-Sotelo.

On December 2, 2015, a two-count indictment was filed charging Cuevas-Sotelo with conspiracy and possession with intent to distribute 1,000 kilograms or more of marijuana. On October 3, 2016, Cuevas-Sotelo waived prosecution by indictment, and an information was filed charging him with possession with intent to distribute 100 kilograms or more of marijuana.

On October 3, 2016, Cuevas-Sotelo pleaded guilty to the information. Pursuant to Fed.R.Crim.P 11(c)(1)(C), the written plea agreement stipulated to a sentence of seven years (84 months) imprisonment. The parties agreed Cuevas-Sotelo was an average participant in the offense for the purpose of role analysis. The agreement did not permit Cuevas-Sotelo to seek a lower sentence through a departure or variance from the sentencing guidelines.

On December 12, 2016, this Court sentenced Cuevas-Sotelo to an 84 month term in the custody of the Bureau of Prisons to be followed by a 36 month term of supervised release.

On March 31, 2021, Cuevas-Sotelo filed a Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A) Compassionate Release and the First Step Act Pro Se Prisoner (Doc. 234). Cuevas-Sotelo has attached a February 1, 2021, letter from the Reeves County Detention Center I/II Facility Administrator to his filing. On April 14, 2031, the Federal Public Defender filed a Notice Regarding Defendant's Pro Se Motion for a Sentence Reduction

Under 18 U.S.C. § 3582(c)(1)(A) (Doc. 236).

*First Step Act*

The First Step Act went into effect on December 21, 2018. See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. Prior to the passage of the First Step Act, only the Director of the BOP could file a motion for compassionate release. Section 603(b) of the First Step Act modified 18 U.S.C. § 3582(c)(1)(A) with the intent of "increasing the use and transparency of compassionate release." Pub. L. No. 115-391, 132 Stat. 5194, at *5239 (capitalization omitted). That section now provides that a sentencing court may modify a sentence either upon a motion of the Director of the BOP "or upon motion of the defendant after [he] has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility . . . " 18 U.S.C. § 3582(c)(1)(A).

The Act provides that a sentence may be reduced for "extraordinary and compelling reasons." Additionally, district courts are granted broad discretion in determining whether to grant relief. *US v. Parker*, No. 2:98-CR-00749-CAS-1, 2020 WL 2572525, at *4 (C.D. Cal. May 21, 2020), *citation omitted*.

*Exhaustion of Remedies*

The statute clearly imposes an administrative exhaustion requirement before seeking review by a district court. As another court summarized:

> The amended statute allows a defendant to file a motion for compassionate release upon the earlier of two dates. First, a defendant can file a motion "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf." *Id*. Second, a defendant can file a motion upon "the lapse of 30 days from the receipt of [a defendant's request to bring a motion] by the warden of the defendant's facility." *Id*. Courts have recognized these two options impose a mandatory requirement that a defendant submit a request to the warden of her facility before filing in court. *See, e.g., United States v. Solis*, No. CR 16-015-CG-MU, 2019 WL 2518452, at *2 (S.D. Ala. June 18, 2019) (denying request because defendant did not request compassionate release from Bureau of Prisons); *United States v. Dowlings*, No. CR413-171, 2019 WL 4803280, at *1 (S.D. Ga. Sept. 30, 2019). But courts have disagreed on what, if anything, a defendant must

do beyond that initial request and before filing in court.

*United States v. Weidenhamer*, No. CR1601072001PHXROS, 2019 WL 6050264, at *1 (D. Ariz. Nov. 8, 2019).

However, "the lapse of 30 days from the receipt of [a defendant's request to bring a motion] by the warden of the defendant's facility" language has not been uniformly interpreted when a warden timely denies a request.

> In at least two other districts, the government has adopted this first reading and argued a defendant need not do more than wait 30 days before proceeding to court. *United States v. Spears*, 98-cr-208 (D. Ore. Sept. 30, 2019) (filing by government); *United States v. Robinson*, 16-cr-5307 (W.D. Wash. July 8, 2019) (filing by government). And judges in the Western District of Washington and the Eastern District of Tennessee have agreed defendants are entitled to proceed to court once 30 days pass, regardless of any action taken by the wardens. *United States v. Robinson*, 2019 WL 2567356 (W.D. Wash. June 21, 2019) (staying case for exactly 30 days after date warden received her request); *United States v. York*, No. 3:11-CR-76, 2019 WL 3241166, at *5 (E.D. Tenn. July 18, 2019) (defendant entitled to file motion with court after warden denied request even though defendant did not pursue administrative appeal).

*Weidenhamer*, No. CR1601072001PHXROS, 2019 WL 6050264, at *2. Other courts, however, have interpreted the language to mean that the statutory language does "not alter the requirement that prisoners must first exhaust administrative remedies before seeking judicial relief." *United States v. Koch*, No. 201CR083JMHEBA2, 2019 WL 3837727, at *2 (E.D. Ky. Aug. 14, 2019); *Weidenhamer*, No. CR1601072001PHXROS, 2019 WL 6050264, at *4 ("it is appropriate to require a defendant to pursue an administrative appeal" if a "warden acts on [a] request in a timely manner").

Here, the Notice filed by the Federal Public Defender recognizes that Cuevas-Sotelo has submitted a copy of a letter from the warden denying Cuevas-Sotelo's request and states that it appears Cuevas-Sotelo has exhausted his administrative remedies. However, Cuevas-Sotelo has not provided any information indicating that he pursued an administrative appeal of the denial. Nonetheless, the Court is resolving Cuevas-Sotelo's request without a response from the government. In other words, it is not known whether the government would agree Cuevas-Sotelo has exhausted his administrative remedies. For purposes of this Order, therefore, the Court accepts that Cuevas-Sotelo has exhausted his administrative remedies.

*Request for Compassionate Release*

A term of imprisonment may be modified after it has been imposed under 18 U.S.C. § 3582(c)(1)(A)(i) if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Such a reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id*. However, the Ninth Circuit has held, that the Sentencing Commission's policy statement set forth at U.S.S.G. § 1B1.13 applies only to motions for a sentence reduction filed by the director of the Bureau of Prisons, and not to motions filed by or on behalf of defendants who have met the exhaustion requirement in § 3582(c)(1)(A). *United States v. Aruda*, No. 20-10245, 2021 WL 1307884, at *4 (9th Cir. Apr. 8, 2021) (per curiam). As the Sentencing Commission has not updated § 1B1.13 since § 3582(c)(1)(A) was amended to allow a defendant to file a motion after exhausting his administrative remedies, the Commission "has not yet issued a policy statement 'applicable' to" such motions. *Id*. at *5. Although the statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant," they are not binding." *Id*., *citing United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020). Therefore, "district courts are empowered to consider any extraordinary and compelling reason for release that a defendant might raise." *Id*. at *4, *quoting United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020); *see, e.g., United States v. Brown*, No. 4:05-CR-00227-1, 411 F.Supp.3d 446, 449, 2019 WL 4942051, at *2 (S.D. Iowa Oct. 8, 2019); *United States v. Beck*, No. 1:13-CR-186-6, 2019 WL 2716505, at *5 (M.D.N.C. June 28, 2019); *United States v. Cantu*, No. 1:05-CR-458-1, 2019 WL 2498923, at *5 (S.D. Tex. June 17, 2019); *United States v. Fox*, No. 2:14-CR-03-DBH, 2019 WL 3046086, at *3 (D. Me. July 11, 2019).

Cuevas-Sotelo cites the conditions of confinement at CI-Reeves I & II and having possibly contracted COVID-19 as extraordinary and compelling reasons for a sentence reduction. He asserts the facilities are "over-crowded Petri-dish[es] where social-distancing is impossible" and have failed to provide adequate medical care and testing. Motion, p. 4. A review of Cuevas-Sotelo's medical records does not reveal that he suffers from any

conditions that the Center for Disease Control considers to pose a high risk of serious complications from COVID-19. Further, Cuevas-Sotelo's medical records do not reveal any serious medical conditions for which the prison is refusing treatment.

The Court considers that Cuevas-Sotelo's "medical conditions do not rise to the level of terminal illness or substantially diminish [Cuevas-Sotelo's] ability to provide self-care from within [the facility]" *United States v. Wilfred*, 2020 WL 4365531, at *4 (E.D. La. July 30, 2020). Further, although Cuevas-Sotelo asserts the protections against COVID-19 are insufficient in the facility, there is no basis to conclude that Cuevas-Sotelo is not receiving adequate care for any serious medical condition. The Court does not find that Cuevas-Sotelo's medical condition qualifies as an extraordinary and compelling reason warranting compassionate release. This Court is reluctant to find extraordinary and compelling circumstances warranting the release of an inmate where the inmate is not at a heightened risk, pursuant to the CDC's guidelines, of severe illness from COVID-19.

Additionally, the Court does not find that other reasons, or a combination of reasons, present extraordinary or compelling grounds warranting compassionate relief. The Court recognizes that compassionate release takes "on added weight because of the COVID-19 virus raging across the globe." *Esparza*, 2020 WL 1696084 at *2. "[D]espite BOP's best efforts, the virus [may] continue to breach prison walls[,]" *United States v. Esparza*, No. 1:07-CR-00294-BLW, 2020 WL 1696084, at *3 (D. Idaho Apr. 7, 2020); *see also,* BOP Implementing Modified Operations, https://www.bop.gov/coronavirus/covid19_status.jsp, BOP Program Statement No. 6190.04, Infectious Disease Management (June 3, 2014), https://www.bop.gov/policy/progstat/6190_004.pdf; BOP Health Services Division, Pandemic Infl. Plan (Oct. 2012), https://www.bop.gov/resources/pdfs/pan_flu_module_1.pdf; COVID-19 Vaccine Guidance (March 2021), https://www.bop.gov/resources/pdfs/covid19_vaccine_guidance_20210311.pdf. While Cuevas-Sotelo has presented a "serious concern over the existence of the COVID-19 pandemic, which poses a general threat to every non-immune person in the country[,]"

*United States v. Hamman*, No. 3:16-CR-185-SI, 2020 WL 3047371, at *5 (D. Or. June 8, 2020), the Court, in its discretion, finds this alone does not warrant compassionate release.

Even if the Court found that extraordinary and compelling reasons had been demonstrated by Cuevas-Sotelo, the Court would also need to consider the § 3553(a) factors before determining whether compassionate release is appropriate. Cuevas-Sotelo's history indicates he does not have a criminal history other than this offense. Additionally, he has been the victim of abuse. However, the circumstances of the offense indicate Cuevas-Sotelo was involved with the conspiracy and possession with intent to distribute 1,000 kilograms or more of marijuana. Further, the sentence imposed in this case was to a stipulated sentence which was within the guideline range. While the imposed sentence adequately reflected the seriousness of the offense, promoted respect for the law, provided a just punishment for the offense, and provided an adequate deterrence to criminal conduct, a reduction of the sentence would not further these goals. The Court also considers that a reduced sentence would result in sentence disparities among defendants with similar records who have been found guilty of similar conduct. Lastly, in its discretion, the Court declines to find compassionate release is warranted in this case. *United States v. Chambliss*, 948 F.3d 691, 693-94 (5th Cir. 2020) (holding district court did not abuse its discretion by denying compassionate release despite defendant's eligibility for that relief).

Accordingly, IT IS ORDERED:

1.  The Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A) Compassionate Release and the First Step Act Pro Se Prisoner (Doc. 234) is DENIED.

2.  The Clerk of Court shall mail a copy of this order to Cuevas-Sotelo at:

> David Emilio Cuevas-Sotelo Reg. No. 52579-408
> C.I. Reeves I/II
> P.O. Box 1560
> Pecos, TX 79772

DATED this 4th day of May, 2021.

_____
Cindy K. Jorgenson
United States District Judge